EMMA J. B. SAUNDERS

*v.*

LEVIN J. SAUNDERS.

[Heard January 21st, 1914. Determined January 22d, 1914.]

1. In a wife's suit for a limited divorce from her husband on the ground of his extreme cruelty, evidence examined, and *Held* that although immediately preceding the separation of the parties the husband undoubtedly struck his wife under provocation from her, there neither has been nor will be real injury or danger to her life or health from his past or probable future conduct if she shall return to his home, and hence her petition will be dismissed, but without prejudice, if on her return he shall again treat her with violence.

2. The remedy by decree of divorce for extreme cruelty is applicable, not as a punitive, but as a preventive measure, to protect the health or life of the wife in the future from threatened danger.

On final hearing on bill for divorce from bed and board for extreme cruelty.

*Mr. Joseph B. Tyler,* for the complainant.

*Messrs. Wilson & Carr,* for the defendant.

LEAMING, V. C.

I am convinced that the evidence in this case does not justify a decree of divorce. It is entirely clear that the married lives of these two parties have been extremely unhappy, but it is equally clear that the unhappiness has been the result of mutual fault; they appear to have formed the quarreling habit and persisted in its exercise with great tenacity. It is impossible to conclude that this was the fault of either to the exclusion of the other. The only physical violence upon the part of the husband was the occurrence which immediately preceded the separation of the parties. On that occasion the husband undoubtedly struck his wife with the satchel which he held in his hand; he had no right to do so and deserved the most severe censure for the act. It is reasonably apparent that the act was provoked by the wife and occurred at the moment of impulsive anger on the part of the husband, but while the anger may have been justified the blow was not. That single act cannot, however, properly be made the basis of a decree under our statute. The remedy by decree of divorce for extreme cruelty is applicable, not as a punitive, but as a preventive measure, to protect the health or life of the wife in the future from threatened danger; this has been repeatedly held.

The evidence in this case satisfies me that there neither has been nor will be real injury or danger to the life or health of petitioner from the past or probable future conduct of her husband. I am satisfied that he has deeply repented his loss of self-control on the occasion referred to and that the future will afford the wife entire safety in his home, and also reasonable happiness there if she is disposed to contribute her efforts toward making that home a happy one. It takes two persons to quarrel, and I believe it to be within the power of either spouse to make a home happy.

It is entirely apparent that petitioner has at no time feared defendant; any infirmity of health which may have existed prior to their final quarrel was not due to petitioner's fear of defendant. Nor am I able to believe that defendant ever threatened to shoot petitioner. It is clear she never regarded the revolver incidents, if they in fact occurred, as a source of danger.

The concluding language of the opinion of Chancellor Runyon, in *Coles* v. *Coles, 32 N. J. Eq. (5 Stew.) 547, 557,* may be here adopted as embodying my views in this case:

"The defendant's conduct, in laying violent hands on his wife, is not justified. It is not capable of justification. But the question to be determined is, whether there is reason to apprehend that, if complainant shall return to his house, she will be in danger of violence or cruelty at his hands. I do not think she will. But if, on her return, he shall again treat her with violence, this court will be open to her for relief. The bill will be dismissed, but without prejudice, as in *English* v. *English, 27 N. J. Eq. (12 C. E. Gr.) 579.*"

I will advise a similar decree in this case.