DOROTHY COWAN, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF SARAH ZUNZ, DECEASED, PLAINTIFF-APPELLEE, v. CECEILLIE KAMINOW AND HENRY KAMINOW, DEFENDANTS-APPELLANTS.

Submitted February 13, 1942—Decided May 19, 1942.

For the appellants, *Cox & Walburg.*

For the appellee, *Stein & Mandel.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from judgments entered in the Hudson County Circuit Court, on the verdict of a jury, given in favor of the plaintiff, Dorothy Cowan, administratrix, and against the defendants, Ceceillie Kaminow and Henry Kaminow.

On October 2d, 1938, the defendant Ceceillie Kaminow, hereinafter referred to as the driver, was operating an automobile owned by her husband, the defendant Henry Kaminow, hereinafter referred to as the owner. Mrs. Kaminow was accompanied by her two children, a sister, and her mother, Sarah Zunz, the plaintiff's decedent, whom she was taking for a drive in her husband's automobile. When they were in or near Little Falls, New Jersey, the driver looked down at her infant child, who sat on the front seat beside her, and who had moaned in her sleep, and the next thing she knew the car had gone across the road and struck a telephone pole. All of the occupants of the car were injured, and there is uncontradicted testimony that the injuries sustained by Sarah Zunz were directly responsible for her death, about two months later.

On November 30th, 1939, the plaintiff, as administratrix *ad prosequendum* and general administratrix of Sarah Zunz, commenced this action against the driver and the owner.

At the trial a motion for a directed verdict in favor of defendants was denied, and a verdict was returned in favor of the plaintiff, resulting in judgments against each defendant for a total amount of $3,688.70 and costs. It is from these judgments that this appeal is taken.

Fourteen grounds of appeal are set up by the defendants, based on the refusal of the trial court to direct a verdict and certain alleged errors in the charge to the jury. However, these resolve themselves into three general contentions for reversal, namely (1) that there was no evidence or proof that the plaintiff's decedent was an invitee of the driver; (2) that there was no evidence or proof that the plaintiff's decedent was an invitee of the owner; and (3) that certain bills in the amount of $1,828 should not have been allowed since they represented a voluntary payment by the children of the decedent.

All of the testimony with regard to the manner in which Sarah Zunz became a passenger in the car was adduced from the driver, the defendant Ceceillie Kaminow. Because of the nature of this appeal it is believed that proper consideration of the case requires that this testimony be set out at length. It begins at the top of page 55, state of case and is as follows:

"Direct examination by Mr. Wittreich, attorney of plaintiff:

*Q.* Mrs. Kaminow, were you the driver of this car on October the 2d, 1938? *A.* Yes.

*Q.* And who was the owner of that car? *A.* Henry Kaminow.

*Q.* Does Henry Kaminow drive? *A.* Yes.

*Q.* And did you drive the car? *A.* I drove the car that day. Other times, too.

*Q.* Did both you and your husband use the car? *A.* Yes.

The Court: Is Henry your husband. *A.* Yes.

*Q.* In other words, both you and your husband use the car even though it is in his name? *A.* Yes.

*Q.* And you took your family out in the car from time to time, I mean your immediate family, like your children? *A.* Yes.

The Court: On this day did you have your children with you? The witness: Yes, my both children."

The only other testimony bearing on this point is found on pages 58 and 59 of the state of case, beginning at line 30 of page 58, and is as follows:

"The Court: How did you come to get this car; did you speak to your husband about it?

The witness: It so happened my husband was going to the cemetery with his brother that day, and he said it was such a nice day that I could go out for a ride, which I did; and I went over to call for my mother——

Mr. Walburg: I object to these conversations.

The witness: The judge asked me, and I am answering the judge's questions.

Mr. Walburg: She ambles on after answering the question.

The Court: It will stand up to the point of the conversation with her husband.

Q. As a result of the conversation you had with your husband you went for this ride, is that right? A. I went to get my mother, that is right, and my sister, and then I went on for a ride.

Q. And your husband knew you were taking the car? A. My husband gave me permission that morning. He usually drives the car on Sunday, but that particular day he was not home and he gave me permission to use the car."

There seems to be no question here with regard to the negligence of the driver as the proximate cause of the accident. Furthermore, there is no evidence that would charge the driver with anything more than failure to use reasonable care, whereby it follows that recovery by the plaintiff would depend upon the decedent having been an invitee. The defendants first contend, however, that there was no evidence in the case from which the jury might conclude that the decedent was an invitee of the driver.

There can be no doubt that the plaintiff had the burden of proving that the decedent was a passenger in the car by virtue of invitation from the driver, her daughter. However, "invitation is a term of considerable breadth" and "may include not only express invitation, but the invitation that may be implied from conduct, custom or usage. * * * The essence of implied invitation 'is that the defendant knew or

ought to have known that something that he was doing or permitting to be done might give rise in an ordinarily discerning mind to a natural belief that he intended that to be done which his conduct had lead the plaintiff to believe that he intended.'" *Timmanus* v. *DeWitt,* 109 *N. J. L.* 168. See, also, *Myers* v. *Sauer,* 117 *Id.* 144.

It must be conceded that there is little evidence available in the present case on this question, but it does clearly appear that the driver did use her husband's car from time to time to take her children for a drive. There is also testimony that this is what she was doing on the day in question, and that after obtaining permission to use the car she "went to get" her mother. We believe that from this evidence the jury could fairly conclude that the idea of taking her mother for a ride originated with the driver, and that she initiated the action which led to her mother becoming a passenger. There would seem to be a logical inference of at least an implied invitation sufficient to establish the decedent as an invitee of the driver, and this question we think was, therefore, properly submitted to the jury.

The defendants have cited the cases of *Kelliher, Jr.,* v. *Grier,* 126 *N. J. L.* 162 and *Struble* v. *Bell,* 126 *Id.* 168, but neither appears to be authority for failure to prove invitation in the present case.

In the Kelliher case it was clearly shown that the plaintiff had been forbidden permission to ride on the car, and in the Struble case there was uncontradicted evidence that the driver had not given permission for the plaintiff to ride and, in fact, did not know he was on the truck.

It is next contended on behalf of the defendant owner, Henry Kaminow, that the decedent was not in the car by his invitation. The position which is taken is well stated in the case of *Yanowitz* v. *Pinkham,* 111 *N. J. L.* 448, as follows:

"Of course, on the principal of *respondeat superior,* the owner of an automobile is held liable to one riding therein as his guest, whether such owner is driving the car in person, or by his duly authorized agent, with or without the presence of the owner in the car.

"But one who is riding as a guest in an automobile, though

the car is being driven by the owner's agent duly authorized thereto, may be the guest of the agent, and not of the owner.

"If the driver of an automobile, though acting duly for his absent master in the *operation of the car,* was not acting for him or in the execution or furtherance of his master's business in accepting and transporting the guest, the master and owner cannot be held liable by the guest for want of reasonable care of the driver."

The law is well settled in this state that when an automobile is being driven by one other than the owner, there is a presumption that the automobile is in the possession of the owner and that the driver is acting in the owner's business. *Mahan* v. *Walker,* 97 *N. J. L.* 304. This rule has been specifically applied in a case where a wife was driving an automobile owned by her husband, *Venghis* v. *Nathanson,* 101 *Id.* 110. However, this rule cannot, and should not, be extended to create a presumption that a passenger in a car, driven by one other than the owner, is an invitee of the owner. The status of a passenger as an invitee of the owner is a fact which must be proven, and failure of such proof has been recognized by our Supreme Court as sufficient to free the owner from liability as a matter of law. *LaBell* v. *Quasdorf,* 13 *N. J. Mis. R.* 183; *Bilow* v. *Kaplan,* 11 *Id.* 108. Such a ruling was also upheld by this court in *Zampella* v. *Fitzhenry,* 97 *N. J. L.* 517.

The problem presented here is whether or not the trial court acted properly in submitting to the jury the question of invitation by the owner. The plaintiff contends that this was a jury question, citing *Doryk* v. *Perth Amboy Bottling Co.,* 104 *N. J. L.* 87, and *Paiewonski* v. *Joffe,* 101 *Id.* 521. In each of these cases there was evidence that the plaintiff became a passenger through a proper exercise of the agent's authority and with the implied consent of the owner, and the question was properly submitted to the jury.

The testimony heretofore set forth is the only evidence which was presented by the plaintiff in order to fix the defendant owner's liability.

There can be no doubt that this evidence could have been found sufficient to establish the authority of the defendant

Mrs. Kaminow to operate the car, and if injury had been done to a pedestrian or another vehicle the owner's liability would have been properly submitted to the jury. However, mere authority for operation of the car is not sufficient to support recovery by a passenger; there must be further proof that the driver was acting for the owner in extending the invitation to the passenger. *Yanowitz* v. *Pinkham, supra.*

A review of the evidence submitted at the trial shows it to be devoid of proof that the owner had any knowledge that the driver was taking her mother for a ride on the day in question. It appears that Mrs. Kaminow had express permission from her husband to use the car on the day of the accident. However, there was not shown any general or specific consent or authority from the husband-owner to accept the decedent as a passenger. The only possible suggestion of such authority to which the plaintiff might point is Mrs. Kaminow's statement that her husband said she could go for a ride and then she went to call for her mother. There is no testimony that either she or her husband, or any member of the family ever took decedent for a ride before, or that he had ever given his wife permission to take her mother for a ride or that the wife had general permission, either express, or implied by her husband's conduct, or by custom to use the car without special permission or to take any passengers except the children. With no further clarification of the conversation of husband and wife, and with no supporting testimony to show that the owner had any knowledge of the decedent becoming a passenger, the jury was permitted to fix the owner's liability on a mere guess as to what might have been said or understood. We believe that under such circumstances, the trial court erred in refusing to direct a verdict in favor of the defendant owner, Henry Kaminow.

The plaintiff cites several cases to support the judgment against the owner, but they are not controlling here. In *Yanowitz* v. *Pinkham, supra,* there was conflicting testimony as to the fact in invitation and the trial court was upheld in refusing to declare the passenger an invitee as a matter of law. *Evers* v. *Krouse,* 70 *N. J. L.* 653, deals with the general question of a principal's responsibilities for torts of a servant

and has nothing to do with invitation to a passenger. In *Paiewonski* v. *Joffe, supra,* and *Doryk* v. *Perth Amboy Bottling Co., supra,* there was considerable testimony to support invitation by the owner. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149, and *Cronecker* v. *Hall,* 92 *Id.* 450, deal with a presumption of authority to operate a motor vehicle and involve injuries to persons other than passengers. The same is true of *DeMott* v. *Knowlton,* 100 *Id.* 296. *Mahan* v. *Walker, supra,* and *Venghis* v. *Nathanson, supra.*

Special significance is attributed by the plaintiff to the case of *Willett* v. *Heyer and Hendrickson,* 104 *N. J. L.* 391. In this case the wife was driving her husband's car when an accident occurred which resulted in injury to the wife's mother, who was a passenger. A non-suit was allowed by the trial court on the ground that the passenger was not an invitee of the owner, but the judgment was reversed by this court. The proofs were that it was a family car. Hendrickson himself, the owner, so testified and also that his wife drove the car "any time she wanted to." An examination of the state of case also shows not only that the wife could use the car at any time but that during the period when the accident occurred she had almost exclusive use of the car. This court held that under *DeMott* v. *Knowlton, supra,* the testimony raised a presumption of fact that the car was driven by Mrs. Hendrickson as the agent of her husband and that she was acting within the scope of her agency and this presented a jury question. Such a grant of exclusive use to the wife by the husband-owner, supported by testimony of the owner himself, might well carry with it the right of the driver to transport whom she saw fit, and such a definite inference was sufficient to take the case to the jury. Such is not the situation presented on this appeal. Furthermore, the presumption for which the DeMott v. Knowlton case, *supra,* was cited relates to authority to operate, not invite, and the case actually did not involve injuries to a passenger.

One further question is presented here, namely, a contention by the defendants that the plaintiff was not entitled to recover for $1,828 of the bills paid by the children of the decedent for medicines and hospitalization, &c., between the time of

her injury and the date of her death. The defendants rely on the rule that when one voluntarily assumes the debt of another without any request for such payment by the debtor, there is no obligation on the debtor to make reimbursement for such payment. Thus, citing *Shoemaker* v. *Central Railroad*, 89 *Atl. Rep.* 518, it is argued that the decedent's estate would not have to reimburse the children for a voluntary payment of this $1,828, and, therefore, suffered no loss of such amount which could be recovered from the defendants.

It is true that there is no evidence of any request by Mrs. Zunz that her children pay these bills. However, each of the creditors had looked to Mrs. Zunz for payment and had made out the bills in her name, which was not true in the Shoemaker case. The instant case seems to be one where all of the children had acted together in relieving their injured mother of worry concerning payment of certain items of expense necessary to her proper care. Surely, in consideration of the relationship of the parties, such action on the part of the children should not become a gratuity to a *tort feasor* whose negligence caused the injury and the financial loss. We believe that this is consistent with the ruling of *Skillen* v. *Eagle Motor Co.*, 107 *N. J. L.* 211, and that these bills were properly submitted to the jury to be considered as an item for recovery. For the reasons expressed above, the judgment against the defendant Ceceillie Kaminow is affirmed, and the judgment against the defendant Henry Kaminow is reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, PORTER, COLIE, DEAR, THOMPSON, JJ. 7.

*For affirmance as to wife*—PARKER, CASE, BODINE, DONGES, PERSKIE, WELLS, RAFFERTY, HAGUE, JJ. 8.

*For reversal as to husband*—PARKER, CASE, BODINE, DONGES, PERSKIE, WELLS, RAFFERTY, HAGUE, JJ. 8.