JANE E. TABER, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

The running of a railroad train beyond the usual stopping place at a station before coming to a stand-still is not negligence *per se*; nor is the delay after it is brought to a stop for a period necessary to reverse the motion so as to back it to the usual stopping place.

Plaintiff was a passenger on defendant's road; she had a ticket for W.; she was not familiar with that station, but knew it was the next station to C. F., and about three-fourths of a mile therefrom. The night was dark, there was no depot at W. or station light, or anything to indicate the stopping place to a person not familiar with it. She knew when the train passed C. F., and as her evidence tended to show, after the proper interval as to run the distance to W. the train came to a full stop; it had, in fact, run by the station. Before reaching it the brakeman announced the station, several passengers arose to leave, plaintiff then rose from her seat near the centre of the car, walked out upon the platform, took hold of the rail, stepped down one step and was in the act of stepping to the second, when the train with a violent jerk started back, throwing her down and off, and she was injured. In an action to recover damages, *held,* that it was a question for the jury, whether, in the exercise of reasonable care and prudence, defendant should not have given notice, to passengers desiring to alight at the station, that the train had not come to a final stop but would back up; and that the plaintiff was justified, under the circumstances, in supposing she had reached her destination and in attempting to leave the car; at least that the question of contributory negligence on her part was proper for the jury.

The court charged the jury that "the company does not contract to insure the safety of its passengers, but contracts to use the utmost diligence and care in protecting them from injury;" *held,* no error; that the last clause was limited by the first, and the charge was simply that defendant was bound to use great care and diligence.

(Argued December 11, 1877; decided December 18, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiff, entered upon an order denying motion for a new trial and directing judgment upon a verdict. (Reported below, 4 Hun, 765.)

This action was brought to recover damages alleged to have been sustained by plaintiff, when alighting from a train on defendant's road through its negligence. The facts appear sufficiently in the opinion.

*Jacob Van Atta*, for appellant. The judge did not err in ruling that the fact that the train ran past the station was not evidence of negligence on the part of defendant. (*Siner* v. *G. W. R. Co.*, L. R. [4 Ex.], 117; *Lewis* v. *L. & C. D. R. Co.*, L. R. [9 Q. B.], 66; *Bridges* v. *N. L. R. Co.*, L. R. [6 Q. B.], 377; *Petty* v. *G. W. R. Co.*, L. R. [5 C. P.], 461 note.) Plaintiff could not recover, because her own negligence caused, or directly and largely contributed to the injury. (*Steves* v. *O. & S. R. R. Co.*, 48 N. Y., 422; *Wilds* v. *H. R. R. R. Co.*, 24 id., 430; *Wilds* v. *N. Y. C. R. R. Co.*, 34 id., 11, 12; *Wilds* v. *T. & R. R. Co.*, 29 id., 315; Whart. on Neg., §§ 370, 375, and note 2; *Filer* v. *N. Y. C. R. R. Co.*, 59 N. Y., 357; *Burrows* v. *Erie R. Co.*, 556; *Lewis* v. *L. & C. R. Co.*, L. R. [9 Q. B.], 66; *Bridges* v. *N. L. R. Co.*, 6 Q. B., 377; *Siner* v. *G. W. R. R. Co.*, L. R. [4 Ex.], 117; *Cockle* v. *L. & S. E. R. Co.*, L. R. [5 C. P.], 457; *Frost* v. *G. T. R. Co.*, 10 Al., 387.) The charge of the judge as to the care defendant was required to use in protecting its passengers was contradictory and erroneous. (*Redhead* v. *M. R. Co.*, L. R. [2 Q. B.], 412; 4 id., 379; *Alden* v. *N. Y. C. R. R. Co.*, 26 N. Y., 102; *Macfadden* v. *N. Y. C. R. R. Co.*, 47 Barb., 253; *Warner* v. *Erie R. Co.*, 49 id., 558; *Brown* v. *N. Y. C. R. R. Co.*, 18 N. Y., 408; S. & R. on Neg., § 266; Whart. on Neg., 627.) The court erred in submitting to the jury the question whether the stop before backing up to the station was of sufficient duration to constitute an invitation to alight. (*Johnson* v. *H.*

*R. R. R. Co.*, 20 N. Y., 65; *Hayes* v. *Gallagher*, 72 Penn., 136; *Taber* v. *R. R. Co.*, 11 Sup. C., 777; *Lewis* v. *R. R. Co.*, 9 Q. B., 66; Whart. on Neg., § 379, and note 3; *Nichols* v. *R. R. Co.*, 106 Mass., 463; *Wilds* v. *R. R. Co.*, 24 N. Y., 430, 433, 434; *Ginnon* v. *R. R. Co.*, 3 Robt., 32; *Gonzales* v. *R. R. Co.*, 38 N. Y., 440; *Filer* v. *R. R. Co.*, 49 id., 50; *Coleman* v. *Livingston*, 45 How., 483; *Baulec* v. *R. R. Co.*, 48 id., 407; *Cotton* v. *Wood*, 8 C. B., 568; *Frost* v. *R. R. Co.*, 10 Al., 387.) The duty of using care was mutual. (34 N. Y., 11, 12; 18 id., 422; 24 id., 430; 29 id., 315; Whart. on Neg., §§ 370, 375, and note 2; *Nichols* v. *R. R. Co.*, 106 Mass., 465; *Blyth* v. *Bir. W. W'ks.*, 36 E. L. & Eq., 508; *Carroll* v. *R. R. Co.*, 1 Duer, 571; 32 How., 431; *Ernst* v. *R. R. Co.*, 24 id., 97; *Keller* v. *R. R. Co.*, id., 172; *Christ* v. *R. R. Co.*, 58 N. Y., 639; *Keeley* v. *R. R. Co.*, 47 How., 256; *R. R. Co.* v. *Whitfield*, 44 Miss., 466; 2 Am. R., 205; *Stapenhorst* v. *Am. Co.*, 46 How., 510, 511; *Bridges* v. *R. R. Co.*, 7 E. & I. L. R., 232.) The defendant was not bound to use the utmost care. (Pierce on Am. R. R. Law, 470–474; 2 Am. R., 229; *Camden Co.* v. *Burke*, 13 Wend., 611; *Weber* v. *R. R. Co.*, 58 N. Y., 452, 460; Whart. on Neg., §§ 629, 637.)

*O. W. Chapman*, for respondent. The length of defendant's stop before backing down to the station was equivalent to an invitation to passengers to alight, and was negligence. (10 Abb. L. J., 27, 72, 164; 12 id., 35, 157; *Curtis* v. *R. R. Co.*, 27 Wisc., 158, 168; *Farrell* v. *R. R. Co.*, 31 Ind., 468; *Maginnis* v. *N. Y. C. R. R. Co.*, 52 N. Y., 215.) It was negligence to start back with a violent jerk. (*Keating* v. *R. R. Co.*, 49 N. Y., 673; *Sauter* v. *R. R. Co.*, 14 Alb. L. J., 48.) Plaintiff was not guilty of contributory negligence. (*Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y., 252; *Townley* v. *Erie R. R. Co.*, 4 N. Y. W. Dig., 336; 10 Alb. L. J., 27, 72, 164; 12 id., 35, 157; *Robson* v. *N. E. R. Co.*, 10 Q. B., 271; 12 Alb. L. J., 157; 10 id., 72, 73; *Hulbert* v. *N. Y. C. R. R. Co.*, 40 N. Y., 145; *Keating* v. *R. R. Co.*, 49 id., 673;

*Bernhard* v. *R. & S. R. R. Co.*, 1 Abb. Ct App. Dec., 131; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y., 9.) The charge of the court that defendant was bound to use the utmost diligence and care in protecting its passengers from injury was correct. (*Smith* v. *R. R. Co.*, 24 N. Y., 224, 225; *Brown* v. *R. R. Co.*, 34 id., 408; *Deyo* v. *R. R. Co.*, id., 11; *Bissell* v. *R. R. Co.*, 25 id., 445; *Hegeman* v. *R. R. Co.*, 13 id., 26.)

ANDREWS, J. The case on the question of negligence was for the jury. That the train ran beyond the usual stopping place before coming to a stand-still, was not negligence. This may happen from the condition of the track or other cause, without the fault of the managers of the train; and, of itself, it does not expose a passenger to danger. Nor was the delay, after the train was brought to a stop, for a period necessary to reverse the motion, so as to back it to the usual stopping place, *per se* negligence, which would make the defendant responsible for the injury to the plaintiff. But the fact that the train overshot the station, rendering it necessary, after it came to a stand-still, to start it back to the usual stopping place, in connection with the other circumstances, made it a question for the jury, whether, in the exercise of reasonable care and prudence, the defendant should not have given notice to passengers desiring to alight at the station, that the train had not come to a final stop, and that it would back up. Take the case of the plaintiff. She had a ticket for " Willards." She was not familiar with the stopping place, but she knew that it was the next station north of Chenango Forks, and about three-quarters of a mile therefrom. She knew when the train passed that station, and was justified in supposing that the next stopping place would be "Willards." The train, after the proper interval to enable it to run the short distance from the " Forks," stopped. The night was dark. There was no depot at Willards, or station light, or anything to indicate to a person not familiar with the objects there, that the train had overshot the stopping place, or that it would be necessary for it to go back. The evidence on the

part of the plaintiff tended to show that after the train came to a full stop she rose from her seat, a little back of the centre of the car, having a bundle in one hand, and walked to the rear door, passed out, closed it, and, taking hold of the rail with one hand, stepped down the first step, and was just stepping to the second one, when the train, with a violent jerk, started back, and she was thrown down and seriously injured. The brakeman announced the station before reaching it, and several persons rose and prepared to leave the car before the plaintiff left. It must be assumed, upon the finding of the jury, that no notice was given by the conductor, brakeman or other person, that the train had not come to a full stop, and no warning that it was to back, or that passengers should not leave the car.

The plaintiff was justified, under the circumstances, in supposing that she had reached her destination, and that the train was at the place where passengers were to alight; at least the jury might well have come to the conclusion that she was free from negligence. The defendant was bound to take notice of the circumstances, viz., that the station had been announced; that passengers for Willards would naturally assume that the train, when it stopped, was at the station, and at the place where they were to alight; that by reason of the darkness of the night, and the absence of a depot or other external indication of a station, passengers, especially those not familiar with the surrounding objects, would not, by observation, know that the trains had run beyond the highway crossing; that passengers, in the absence of notice, would, according to the usual custom, start to leave the train as soon as it came to a stand-still. In view of these circumstances, it was a question for the jury whether the defendant's servants should not, as a reasonable precaution, have given notice to passengers that the train was to back, and whether the omission to do so was not negligence. (*Weller* v. *The London, B.*, etc., *Railway Co.*, 9 Law Rep. [C. P.], 126.) The plaintiff did not hear the announcement of the station, but the defendant's servants knew that it had

been announced, and other passengers heard it and arose to leave, and this was an indication to her, in addition to her general knowledge of the distances and locality, that the train had reached " Willards."

The time that the train stood still before backing up was the subject of controversy on the trial. It was long enough, at least to enable the plaintiff, according to her testimony and that of other witnesses, to leave her seat and go out of the door on to the platform and step down one or more of the steps. The witness Reynolds, in reply to an inquiry, how long the car was still, replied: "Not more than a minute or two," and witnesses for the defendant made the time much shorter. But the court left it to the jury to say whether the delay, in connection with the omission to give notice to passengers and the other circumstances, was negligence, and the jury having found for the plaintiff, the court cannot disturb the verdict.

The court charged the jury that " the company (defendant) does not contract to insure the safety of its passengers, but contracts to use the utmost diligence and care in protecting them from injury." The first clause in the charge limits the last one, and the court must have been understood simply as charging that the carrier was bound to use great care and diligence in protecting passengers from injury. He certainly did not intend to charge that they were insurers. (*Bowen* v. *R. R. Co.*, 18 N. Y., 408.)

We think the judgment should be affirmed.

All concur, except ALLEN, J., absent.

Judgment affirmed.