Harry B. Frank, J.
Defendant American Airlines moves, pursuant to CPLR 602 (subd. [a]), for an order directing that all issues of liability in the death actions brought by plaintiffs Landano and Kirchstein be joined for trial with the 20 other American Airlines cases subject to joint trial under an order of the Appellate Division dated November 10, 1967. [See 28 A D 2d 986.]
The actions all arise out of the crash, in Kentucky on November 8, 1965, of an American Airlines aircraft while the plane was en route from La Guardia Airport, New York to an airport in Covington, Kentucky. The crash resulted in the death of 58 out of the 62 persons aboard and, in addition to the multiple *42 actions pending in this court, comparable actions have been instituted in other States and in various United States District Courts.
Of the various actions instituted as a result of the crash, the first case to be tried to conclusion was that brought in the United States District Court, Northern District of Texas (Creasy v. American Airlines), which resulted in a verdict in favor of the plaintiff therein against the defendant American Airlines. On a prior motion brought in the Hart case herein, the opinion of Mr. Justice Quinn, dated May 15, 1968, noted that in the Creasy trial, which lasted some 19 days, the Texas court applied the Kentucky wrongful death statute and submitted the question of American Airlines ’ liability on the basis of the substantive law of Kentucky relating to negligence. Deference to the pleadings in the two actions here sought to be joined for trial indicates that the basis for the recovery sought against defendant American Airlines is similarly predicated, and it is undisputable from the pleadings and papers herein that the issue of defendant airline’s liability in these cases is identical to the issue in that regard determined in the Texas action.
In light of the Texas result which has now been affirmed on appeal, plaintiffs Landano and Kirchstein oppose defendant’s motion for a joint trial by cross-moving for summary judgment on the issue of liability which, if granted, would obviate a trial on such issue and necessarily require a denial of defendant’s motion.
Plaintiffs contend that while, concededly, they were not parties to the Texas action, nevertheless the determination in that action of defendant’s liability for the plane crash of November 8, 1965 is, under the doctrine of collateral estoppel, conclusive on the issue of defendant’s liability for such crash in the actions brought by these plaintiffs.
In its recent decision in Schwartz v. Public Administrator (24 N Y 2d 65, 69) our Court of Appeals definitively crystalized the controlling considerations governing the doctrine of collateral estoppel in this State and ‘ ‘ arrived at a modern and stable statement of the law of res judicata ’ ’ grounded on ‘ ‘ the sound principle that, where it can be fairly said that a party has had a full opportunity to litigate a particular issue, he cannot reasonably demand a second one ”. While our highest court’s decisions have long reflected dissatisfaction with the traditional restrictive limitations surrounding res judicata and have emphasized instead 1 ‘ a rule of .reason and practical necessity ” (see, for example, Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14, 18; Israel v. Wood Dolson Co., 1 N Y 2d *43 116; Cummings v. Dresher, 18 N Y 2d 105; B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141), the Schwarts decision delineates the scope of the doctrine of collateral estoppel and expressly determines that “ there are but two necessary requirements for invocation of the doctrine of collateral estoppel” (24 N Y 2d at p. 71). These requirements are described in clear and unambiguous terms. "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action,, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.”
No extended discussion is necessary to Demonstrate that such requirements are amply met in the instant cases. As already indicated, the issue of defendant airline’s liability for the crash in which plaintiffs ’ decedents perished is. identical to the issue of liability litigated in the Texas action where defendant was similarly charged with responsibility for that s?me accident. Indeed, in an airplane crash there are absent any of the problems with respect to 61 identity of issue” on liability which might arise in other types of accidents involving multiple participants such as automobile accident oases. With respect to the second requirement, it is in no way disputed that defendant, had a full and fair opportunity to conte at the issue of its liability in the course of the 19-day trial in the Texas action, anti in order to defeat collateral estoppel on ¿his ground the burden rests on the defendant to show that it had no such opportunity.
While defendant presents various arguments as to why the finding on liability should not be applied in these eases, it relies most heavily upon the prior decision of Mr. Justice Quinn in the Hart matter, hereinbefore referred to, which was affirmed, without opinion by the Appellate Division (31 A D 2d 896). Although defendant concedes that such decision is not “in a strict sense ” the law of the case here, it nevertheless contends that such decision compels a denial of plaintiffs’ motion for summary judgment. This court disagrees. Contrary to defendant’s assertions, the controlling factor in the Hart decision was the nondomicilliary status of the plaintiffs therein involved and the unwillingness of the court to apply the New York law of collateral estoppel with respect to a Texas determination on behalf of ‘ ‘ non-domicilliary dependents of a deceased nondomicilliary 6 bread winner ’ ’ ’ having no significant contacts with New York. While such result will undoubtedly be effective to discourage possible “ forum shopping ” by nonresidents, it does not, as defendant argues, preclude the application of the New York doctrine of collateral estoppel in an action brought *44 by New York dependents of deceased New York residents. As was pointed out in Kilberg v. Northeast Airlines (9 N Y 2d 34, 39) which involved a death action arising out of an airplane crash where decedent had been a New York resident, “ The place of injury becomes entirely fortuitous. Our courts should if possible provide protection for our own. State’s people against unfair and anachronistic treatment of the lawsuits which result from these disasters.” The ‘State of Texas has no legitimate interest in imposing its rules on collateral estoppel upon these New York residents and a holding that permits such result would indeed constitute the “ anachronistic treatment ” warned ag*ainst in Kilberg, The fact that the plaintiffs herein involved are New York domiciliiaries, as were their decedents, sufficiently establishes this State’s superior interest in the issue of collateral estoppel. It may ibe observed that these plaintiffs occupy much the sane relationship to the State of Texas as the nonresident Hart plaintiffs do to New York, and the unavailability of the New York rule on collateral estoppel to the Hart plaintiffs is equally relevant in holding the instant resident plaintiffs outside tie scope of the Texas rule on that issue.
Defendant’s reliance on “full faith and credit” to defeat the application of collateral estoppel herein is misplaced. This 'is not a situation where- the judgment, as such, of the Texas court is sought to be enforced. What is here involved is a policy determination by our cotarts that 1 £ £ One who has had his day in court should not be permitted to litigate the question anew ’ ” (B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141, 144, supra), and, further, refusal “to tolerate a condition where, on relatively the same set of facts, one fact-finder', be it court or jury ” may find a party liable while another exonerates him leading to the “ inconsistent results which are always a blemish on a judicial system ” (Schwartz v. Public Administrator, 24 N Y 2d 65, 74, supra). It is in order to carry out these policy determinations in the disposition of cases in this jurisdiction that an evidentiary use is being made of a particular issue determination made in the Texas action.
Perhaps the strongest argument for applying the New York doctrine of collateral estoppel herein is the nature of the showing by defendant of the supposed £ ‘ inequity ’ ’ that would ensue from such application. There is a belabored emphasis on the merits of ‘1 mutuality of estoppel” and its favored status in “ a majority of jurisdictions ”. Such of course wholly ignores the fact that our highest court has resoundingly stated in terms leaving no rdom for doubt that “ the doctrine of mutuality ’ is a dead letter ” (B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141, 147, *45 supra.) Elimination of the doctrine of mutuality has been in recognition of the superior importance of the principle that “ ‘ “ Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.” ’ ” (B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141, 146, supra; Schwartz v. Public Administrator, 24 N Y 2d 65, supra.)
Among the reasons submitted by defendant as to why it should have an opportunity to retry the issue of its liability, notwithstanding its failure to prove its freedom therefrom on the trial in Texas, is the argument that such issue was submitted to the jury under the substantive law of Kentucky which is less favorable to defendant than is the New York law. While one is tempted to wonder what the argument would be if the situation were reversed, such contention is in any event wholly without merit since a New York court would also be obliged to submit the case under the substantive law of Kentucky, the place where the crash occurred. As 1 ‘ the jurisdiction in which the allegedly wrongful conduct occurred ’ ’ Kentucky would have a predominant interest ‘1 in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place ”. (Babcock v. Jackson, 12 N Y 2d 473, 483.)
Defendant further seeks to forestall the conclusive effect of the Texas liability determination on the ground that such may be “an aberration ’ ’ stemming from local prejudice against corporate defendants or from sympathy considerations. Such conjectural mus'ings, which significantly are in no way documented by any supporting facts, are, of course, a complete indictment of all notions of ‘ ‘ full faith and credit ’ ’ of which defendant is elsewhere so solicitous.
Even more interesting is the argument raised by defendant which may be paraphrased in Biblical terms as ‘1 hear them not for they know not what they do ”. Defendant seriously suggests that the determination in the Texas action should not be accorded further conclusive effect because that action involved only a single claimant and the jury’s decision as to defendant’s negligence is somehow impaired because rendered ‘1 without any awareness whatsoever by the jury that its verdict would determine the obligation of the defendant to many other persons not before it”. It is apparently defendant’s contention that the issue as to whether or not it was negligent in the operation of its aircraft is in some manner dependent upon the number of claims which may ultimately be asserted *46 against it. This court is unaware of any rule of law which supports this novel rule of liability, nor has defendant cited any authority in that regard.
The arguments raised by defendant are without substance and merely demonstrate a ‘ ‘ grasping at straws ’ ’. There has been no showing sufficient to raise any triable issue on either of the two requirements necessary to invoke the doctrine of collateral estoppel — i.e. “identity of issue” and “full and fair opportunity to contest ”. Both such elements having been established hereon, collateral estoppel will be applied.
Accordingly, plaintiffs’ cross motion for summary judgment is granted and defendant’s motion for a joint trial is denied. Settle order providing for an assessment of damages.