Myles J. Lane, J.
This is a motion by plaintiffs William and Eileen Both for summary judgment in a motor vehicle accident case.
Plaintiff William Both alleges personal injuries sustained in New Jersey while a passenger on a bus driven by defendant Francis Bahm, and owned by defendant, Hudson Transit Lines, Inc., which struck a disabled truck which was at rest on the side of the roadway in full view of the driver. Plaintiff’s wife sues for loss of consortium.
In connection with the accident, the driver, Francis Bahm, was found guilty of “ reckless driving ” by the Municipal Court of Maywood, Bergen County, New Jersey.
Another passenger on the bus, Betty Kent, also sued the same defendants for personal injuries sustained arising out of the same accident, together with her husband for loss of services.
The trial was held in October, 1970, in the Superior Court of New Jersey, Bergen County, at Hackensack, New Jersey, wherein a jury verdict was rendered in the sum of $100,000 in favor of plaintiff, Betty Kent, and $50,000 in favor of her husband against the defendants, Francis Bahm and Hudson Transit Lines Inc.
Defendant submits a portion of defendant Bahm’s examination before trial, indicating he was not negligent. That has no bearing on the issue as to the effect of the Kent judgment obtained in New Jersey, which is asserted here as a collateral estoppel on the issue of liability against defendants.
Defendants further claim that the Kent judgment is not applicable, since New Jersey law is different from New York law, claiming that New Jersey law requires a high degree of care on the part of common carriers towards its passengers, while New York only requires ordinary care.
However, New York, as well as New Jersey, requires a high degree of care on the part of common carriers towards its passengers (Bowen v. New York Cent. R.R. Co., 18 N. Y. 408; Brown v. New York Cent. R.R. Co., 34 N. Y. 404; Maverick v. Eighth Ave. R.R. Co., 36 N. Y. 378; Barrett v. Third Ave. R. R. Co., 45 N. Y. 628; Taber v. Delaware, Lackawanna & Western R.R. Co., 71 N. Y. 489). More important, in an accident occurring in New Jersey, the courts of New York State in an action triable *820 here will apply New Jersey law (Mays v. Wortham, 3 A D 2d 473).
Finally, defendant argues that the Kent judgment is being appealed in New Jersey. However, such appeal is not on the issue of liability, but limited to the excessiveness of the verdict.
It is clear that defendants’ liability here is identical to the issue tried in New Jersey by the Kent plaintiffs against defendants. That judgment in New Jersey under the doctrine of collateral estoppel is conclusive here on the issue of defendants’ liability. Two necessary requirements have been shown here to invoke the doctrine, to wit: — an identity of issue which has necessarily been, decided in the prior action and is decisive in the present action; and there was a full opportunity to contest the decision now said to be controlling (Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65; B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141; De Paul v. George, 34 A D 2d 620; Hart v. American Airlines, 61 Misc 2d 41).
Defendants had a full and fair opportunity to contest the issue of liability, and do not show otherwise (Hart v. American Airlines, supra).
The motion is granted on the issue of liability, and the matter shall be set down for an assessment of damages.