**Joseph J. WILCHEK, Plaintiff,**

v.

**Dallas CHANEY and James Milburn Defendants.**

Civ. A. No. 160–58.

United States District Court
D. New Jersey.
June 26, 1958.

Hanlon, Argeris, Crahay & Smock, Asbury Park, N. J., for plaintiff.

Jamieson, Walsh & McCardell, Trenton, N. J., for defendants.

HARTSHORNE, District Judge.

A collision occurred between a tractor trailer, owned and operated by the defendants, and a freight train of the New Jersey Central Railroad, on which plaintiff, the train conductor, was injured. Plaintiff conductor did not join the railroad as a defendant. The tractor trailer defendant now moves to join the railroad as a third party defendant. The plaintiff, surprisingly, opposes.

■ The obvious purpose of the tractor trailer's motion is to require the adjudication in a single suit of the rights and responsibilities of all parties concerned in this accident. Thus, should it be found that both the tractor trailer and the railroad were negligent, defendants contend that contribution between the two could be enforced under the New Jersey Joint Tortfeasors Contribution Act, which expressly provides that "The right of contribution exists among joint tortfeasors." P.L.1952, Chap. 335, p. 1075, § 2; N.J.S.A. 2A:53A–2. Since this is a diversity case, and the accident occurred in New Jersey, New Jersey law applies. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

The above act, in its first section, defines "joint tortfeasors" to mean "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." N.J.S.A. 2A:53–1. In other words, proceedings to hold joint tortfeasors responsible may be instituted as here, even before "judgment has been recovered against all or some of them", and whenever several persons are "liable in tort for the same injury."

■ Plaintiff opposes the joinder of the railroad first on the ground that the trial of both would confuse the jury. But, on the other hand, if this joinder were not permitted, the result would be that this Court might have to try this one accident case twice, first against the tractor trailer, involving indeed what the

railroad did in fact, next against the railroad, involving as well what the tractor trailer did in fact. This would be a sheer waste of time. Not only so, but the jury are regularly faced with questions which require discrimination between the individuals involved in accident cases. For instance, the right of the driver of a car to recover from the driver of another car is affected by the contributory negligence of the plaintiff; whereas the right of a passenger in the same car to recover from such driver is not affected by such negligence. This Court would not think of requiring such a simple accident case, similar in its discrimination to that between the two defendants, as here, to be tried by two separate courts and juries. This discrimination between the defendants not only can be made clear to the jury in the general charge of the Court, but be made definite by the use of special interrogatories to the jury. Double litigation simply must be ended by congested courts when reasonably practicable.

Plaintiff further opposes the above joinder, claiming that it is not permitted by the above New Jersey statute. But he points to no words in the statute which so indicate. In fact, the words of the statute infer the contrary. Nowhere does the statute say that some, but not all, "joint tortfeasors" may be forced to contribute. The statute expressly says "The right of contribution exists among joint tortfeasors", i. e., whoever they are. Plaintiff in fact rests his contention in that regard upon the case of Farren v. New Jersey Turnpike Authority, App. Div.1954, 31 N.J.Super. 356, 106 A.2d 752, 755, and the language of the court therein that these tortfeasors must stand *"in aequali jure"*. But that case did not involve this situation at all. It involved the attempt to join a tortfeasor with one who was not a tortfeasor at all, but a party who had breached his contract. Such is the status, by the settled law of New Jersey, of the ordinary employer who is liable to his employee under the New Jersey Workmen's Compensation Act, R.S. 34:15–1, et seq., N.J.S.A. Of

course, if one who is liable in contract is not a joint tortfeasor, then *a fortiori* one who is not liable at all is not a joint tortfeasor. See Kennedy v. Camp, 1954, 14 N.J. 390, 102 A.2d 595. Such was the situation with which the Farren and the other New Jersey cases dealt. Obviously the parties there sought to be joined were not joint tortfeasors at all, and therefore not subject to the act. Here, on the other hand, the rights of a railroad employee in interstate commerce as against his employer, the railroad, lie, not under any Workmen's Compensation Act, or Longshoremen's Act, but under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The gravamen of this act, instead of being on contract, is specifically because of the railroad's "negligence." In other words, the railroad here is a tortfeasor.

Furthermore, in the ordinary case the difference between this act and the common law action for negligence will in no way affect the right of contribution between the tractor trailer and the railroad. If the plaintiff has generally been guilty of either contributory negligence or assumption of risk, then he cannot recover from the tractor trailer at all. Then, there being no judgment against the tractor trailer, the tractor trailer cannot be asked to make contribution at all. Nor, if plaintiff has been guilty of no contributory negligence or assumption of risk, will there be anything at all unusual in the right of contribution. Nor, if plaintiff has assumed the risk only as to the railroad, and not as to the tractor trailer, will there be the slightest difference between the responsibility of the two defendants, since assumption of risk is wiped out as a defense as to the railroad. It is only in the single, and unusual, situation that plaintiff is not guilty of contributory negligence as to the tractor trailer, but is guilty of contributory negligence as to the railroad, and that both the tractor trailer and the railroad have been negligent, that plaintiff's verdict as to the tractor trailer may differ somewhat in amount from the amount of his verdict against the rail-

road. See 45 U.S.C.A. § 53. Of course, this bare possibility may be ascertained by a special interrogatory to the jury, so that plaintiff, with a verdict in his hands against his employer, the railroad, may then, if he desires, move to cancel that verdict, by renewing his present opposition—itself a rather unlikely possibility.

But it certainly would not seem that this unlikely possibility would prove that the Legislature of New Jersey did not mean what they said, when they said, without qualification, that "The right of contribution exists among joint tortfeasors", as both the tractor trailer and the railroad are claimed to be. See similarly, Warner v. Capital Transit Co., D.C.D.C.1958, 162 F.Supp. 253.

An order may be entered granting defendant's motion to join the railroad as a third party defendant.