Daniel E. Macken, J.
In this action, tried before the court without a jury, the parties stipulated that the court determine the issues of liability only and further stipulated as to the amount of damages to be paid in the event plaintiff is found entitled to recover in either or both of the alleged causes of action.
On April 3, 1964 plaintiff’s intestate was a passenger in an automobile owned by the defendant Mary Matthews and being operated by the defendant Raffaella Matthews on the New York State Thruway. All of the parties were residents of the State of Massachusetts and the car was registered in Massachusetts. They had left Massachusetts earlier on that date to drive to Rochester for the purpose of attending a wedding of a relative the following day and planned to return to Massachusetts following the wedding. While proceeding west in the Town of Root, Montgomery County, the car left the pavement, struck *540 some guardrails and overturned. The injury complained of and subsequent death of plaintiff’s intestate resulted.
The threshold question presented is whether the law of Massachusetts or New York is to be applied. By the decisional law of Massachusetts, a guest may recover compensation for personal injuries against the owner or operator of a vehicle in which he is riding only upon establishing gross negligence of the operation of the vehicle. By statute, recovery for damages for wrongful death may be had upon establishing ordinary negligence. Defendants contend that application of the principles enumerated in Babcock v. Jackson (12 N Y 2d 473) requires this court to apply the substantive law of Massachusetts. Plaintiff contends that the substantive law of New York is applicable.
In Kell v. Henderson (26 A D 2d 595), involving an identical factual situation except that the parties were residents of Ontario, Canada, the Third Department of the Appellate Division held that Babcock (supra) did not apply to an accident occurring within New York State. No other decision of an Appellate Division or of the Court of Appeals involving the same facts has come to my attention. I thus feel bound by Kell v. Henderson (supra) and conclude that the law of this State is to be applied. (United States Gypsum Co. v. Riley-Stoker Corp., 11 Misc 2d 572, 575; Dime Sav. Bank of Brooklyn v. Buscemi, 50 Misc 2d 495, 497; Matter of Bonesteel, 38 Misc 2d 219.)