ALLEN BRAY, Appellant, v. KEVIN C. COX, Public Administrator of the County of Erie, as Administrator of the Estate of ROBERT S. MCDERMOTT, Deceased, Respondent.

Fourth Department, June 29, 1972.

*Cohen, Swados, Wright, Hanifin & Bradford (Gerald L. Kohn* of counsel), for appellant.

*Brownstein, Canale, Madden, Burke & Siegel (Howard V. Burke* of counsel), for respondent.

CARDAMONE, J.    Plaintiff and defendant's decedent, both Canadian citizens and residents of Niagara Falls, Ontario, left Canada on June 17, 1964 for a pleasure trip to Buffalo, New York. While returning to Canada decedent, Robert McDermott, operating his vehicle on Delaware Street in Tonawanda, New York, collided with a utility pole causing his death and injuring the plaintiff, a passenger. The McDermott vehicle was registered, garaged and insured in Ontario.

The plaintiff, Alan Bray, instituted an action in Erie County Supreme Court for his personal injuries in 1967 against Kevin C. Cox, Public Administrator of Erie County, the defendant, to whom letters of administration upon the estate of decedent, Robert McDermott were granted by the Surrogate of Erie County in 1968. The defendant's answer to plaintiff's complaint interposed the Ontario guest statute as an affirmative defense. Insofar as here pertinent the statute provides that "The owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting onto, or alighting from the motor vehicle ". (Rev. Ontario Stat., 1950, ch. 167, § 50, subd. [2].)

The parties stipulated these facts upon which Trial Term granted judgment to the defendant against the plaintiff and dismissed the complaint upon the merits concluding, on the authority of *Arbuthnot* v. *Allbright* (35 A D 2d 315), that the Ontario guest statute furnished a complete defense defeating plaintiff's action. We cannot agree.

Choice-of-law cases are resolved by an interest analysis approach (*Tooker* v. *Lopez,* 24 N Y 2d 569; *Matter of Crichton,* 20 N Y 2d 124; *Dym* v. *Gordon,* 16 N Y 2d 120). New York has identifiable interests in applying New York law to an accident occurring within New York even though none of the parties is a New York resident. Ontario also has identifiable interests in the application of its guest statute in an accident involving Ontario residents in an automobile registered, garaged and

insured in Ontario. It is, therefore, necessary to analyze these respective interests to determine which law to apply.

Foremost among New York's identifiable interests is supervision over the conduct of drivers using its highways. The civil remedy of damages for the negligent infliction of personal injuries is a sanction used by this State to induce careful driving. Another recognized and accepted interest is in assuring that New York vendors who furnish medical and hospital care to injured parties are compensated (*Carroll* v. *Lanza,* 349 U. S. 408, 413; see, also, Cavers, 63 Col. L. Rev. 1219, 1224–1225). A proper inquiry into governmental interest requires consideration of the fact that in this case and indeed in most similar cases there is the likelihood of the existence of New York vendors (*Matter of Clark,* 21 N Y 2d 478, 479). Finally, New York has a public fiscal interest in assuring that indigent nonresident accident victims do not become public charges and that, if they do, New York State can recoup its welfare expense from the victim's recovery (cf. *Matter of Clark, supra,* p. 489). In summary, New York's identifiable interests are highway safety, economic protection of New York vendors, and State public fiscal interests.

Among the discernible interests of the province of Ontario, relevant to the facts in this case, are the protection of Ontario insurers and the maintenance of relatively low Ontario insurance rates. Both of these are pertinent since the defendant is insured by an Ontario insurer. Another interest is to be found in the purpose of the Ontario guest statute which is '' to prevent the fraudulent assertion of claims by passengers, in collusion with the drivers, against insurance companies '' (*Babcock* v. *Jackson,* 12 N Y 2d 473, 482–483). However, we note that the Ontario liability insurer must surely anticipate the possibility of extraterritorial liability and that such occasioned liability has little effect on insurance rates (*Miller* v. *Miller,* 22 N Y 2d 12, 21). Also, it has been noted that the original policy underlying statutes against collusive suits has lost its vitality (see Trautman, *Kell* v. *Henderson*; A Comment, 67 Col. L. Rev. 465, 471).

While these conflicting interests present us with a true conflict-of-laws problem, upon weighing them we conclude that in this case New York has a superior interest in having its law applied. This is so notwithstanding the fact that no New York resident was involved in the accident as a codefendant (cf. *Rye* v. *Kolter,* 39 A D 2d 821, decided May 18, 1972).

Finally, we are mindful of the contrary conclusion reached in *Arbuthnot* v. *Allbright* (35 A D 2d 315, *supra*). That decision is contrary to our prior determination that the Massachusetts guest statute should not be applied in circumstances similar to those in the instant case and in *Arbuthnot* v. *Allbright* where the issue to be decided was the standard of care owed by the out-of-State host driver to his guest passenger (*Fosillo* v. *Matthews,* 30 A D 2d 1049, affg. 59 Misc 2d 539, mot. for lv. to app. den. 23 N Y 2d 646, mot. for rearg. den. 24 N Y 2d 740).

The judgment should be reversed and the motion to dismiss the complaint should be denied.

MARSH, J. P., WITMER, MOULE and HENRY, JJ., concur.

Judgment unanimously reversed with costs and motion to dismiss complaint denied.