123 N.J. Super. 497 (1973)
303 A.2d 619
ROSE MARSHALL AND RICHARD MARSHALL, PLAINTIFFS,
v.
FORCE MACHINERY CO., A NEW JERSEY CORPORATION, RUTH FORCE, EDYTH MARGOLIS AND EDWARD MARGOLIS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 10, 1973.
*498 Messrs. Slavitt, Slavitt & Fish, attorneys for plaintiffs.
Messrs. Conant and McCreedy, attorneys for defendants Force Machinery and Ruth Force.
Messrs. Sach and Sachs, attorneys for defendants Margolis.
BRESLIN, R.W., J.C.C., Temporarily Assigned.
This action evolves from a collision between two automobiles *499 that occurred on January 29, 1969 on Mountain Avenue in the Township of Springfield, Union County, New Jersey. Plaintiff Rose Marshall and defendant Ruth Force were responding to an emergency call as members of the Springfield First Aid Squad. Pursuant to a prearranged plan, Mrs. Force had picked up Mrs. Marshall at the latter's home and they were on their way to the First Aid Squad headquarters to obtain an ambulance. They were travelling in a vehicle driven by Mrs. Force and owned by defendant Force Machinery Co. when a collision occurred with a vehicle owned by defendant Edythe Margolis and operated by defendant Edward Margolis. Mrs. Marshall sustained injuries as a result of the collision and instituted the instant action against Mrs. Force and Edward Margolis for their allegedly negligent operation of the vehicle, and against Force Machinery Co. and Edythe Margolis, as respective owners of the two vehicles, on the basis of alleged agency relationships between said owners and the operators of the respective vehicles. Richard Marshall, Rose Marshall's husband, asserts a per quod claim against the same defendants.
Motions for summary judgment have been filed on behalf of defendant Force Machinery Co. on the ground that the undisputed facts establish that Ruth Force was not its agent in operating the vehicle, and on behalf of defendant Ruth Force on the ground that the injury to Rose Marshall was compensable under the Workmen's Compensation Act and therefore N.J.S.A. 34:15-8 precludes this claim as one against a co-employee.
In opposing the motion of defendant Force Machinery Co. plaintiffs rely on the familiar presumption that the operator of a motor vehicle was the agent of the owner and was operating the vehicle within the scope of the agency. Cowan v. Kaminow, 128 N.J.L. 398 (E. & A. 1942); Tischler v. Steinholtz, 99 N.J.L. 149 (E. & A. 1923). The presumption, however, is rebuttable, and if the owner presents uncontradicted evidence that the driver was not, in fact, his agent, the trial judge must decide the issue in *500 favor of the owner. Harvey v. Craw, 110 N.J. Super. 68 (App. Div. 1970).
In the instant case it appears without dispute that at the time of the accident defendant Ruth Force was operating the vehicle for the purpose of responding to an emergency call in connection with her membership in the Springfield First Aid Squad. Such activity had nothing to do with the Force Machinery Co. The fact, brought out in the deposition of Mrs. Force, that her husband was the principal stockholder of the company and that she herself owned stock in the company in no way serves to support a finding of agency. That she had been given permission by Force Machinery Co. to use the vehicle is also irrelevant in the face of the undisputed fact that she was not serving the interests of the company at the time. The motion by defendant Force Machinery Co. for summary judgment must therefore be granted.
Plaintiff Rose Marshall received an award pursuant to the Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., by a judgment of the Division of Workmen's Compensation dated July 26, 1971. The award was based upon the injuries in the accident in question. Defendant Ruth Force contends that she is therefore entitled to the benefit of N.J.S.A. 34:15-8, which provides in relevant part:
If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
Plaintiffs contend that it has not been established that the accident was one "arising out of and in the course of his or her employment," N.J.S.A. 34:15-7, nor that the injury was therefore "compensable under this article," N.J.S.A. 34:15-8. Initially, the court finds it difficult to justify the instant claim against Mrs. Force since plaintiffs now attempt to abandon and disavow allegations that were *501 implicitly made on Mrs. Marshall's behalf in the proceeding before the Division of Workmen's Compensation, i.e., that the accident was one arising out of and in the course of employment and was compensable under the act. Would it not be reasonable for the court to hold that plaintiffs are now estopped to make contrary allegations, or that a binding election was made when the compensation claim was filed and pursued to judgment? What plaintiffs attempt to do here is to be distinguished from a case where, after receiving a compensation award, an employee proceeds against a third party on the theory that, in fact, the injury was caused by the negligence of the third party, either solely or jointly with negligence imputable to the employer. Such a course of action is implicitly recognized by N.J.S.A. 34:15-40 ("Liability of Third Party") and does not involve inconsistent allegations on the part of the employee, since pinpointing responsibility in negligence is not the object of the compensation proceeding. In the instant case plaintiffs legitimately proceed against Edythe and Edward Margolis for their alleged negligence. On the other hand, determinations as to whether the injury was employment-related and therefore compensable under the act are relevant to the compensation proceeding and, in fact, involve the very jurisdiction of the Compensation Division to render an award. However, the court will not dispose of this motion on an estoppel basis but instead will proceed to discuss the issue, which plaintiffs desire to have judicially determined, as to the compensability of Mrs. Marshall's injuries under the Workmen's Compensation Act.
Clearly, the act was made applicable to first aid squad workers by virtue of N.J.S.A. 34:15-43. Compulsory insurance for the benefit of such workers was mandated by N.J.S.A. 34:15-43. The heart of the instant issue is whether, under the facts of this case, the accident can be said to have arisen out of or been in the course of the employment of Mrs. Marshall and Mrs. Force as first aid squad *502 workers since they were responding to an emergency call at the time of the accident.
A discussion of this issue necessarily requires mention of the so-called "going and coming rule," by virtue of which, subject to exceptions, travel to and from a place of employment is considered unrelated to the employment to the extent that compensation is not authorized for injuries sustained by an employee during such travel. See, e.g., Moosebrugger v. Prospect Presbyterian Church, 12 N.J. 212 (1953); Grady v. Nevins Church Press Co., 120 N.J.L. 351 (E. & A. 1938); Gilroy v. Standard Oil Co., 107 N.J.L. 170 (E. & A. 1930). For a discussion of the rule see Note, "Arising `out of' and `in the course of' the employment under the New Jersey Workmen's Compensation Act," 20 Rutgers L. Rev. 599 (1966). The Supreme Court recently questioned the continued viability of the rule in Bergman v. Parnes Brothers, Inc., 58 N.J. 559 (1971). That exceptions to the rule have evolved is due, perhaps, to the fact that our courts have consistently held that the Workmen's Compensation Act is to be construed liberally so as to bring as many cases as possible within its coverage. Thering v. Reinkemeyer, 117 N.J. Super. 176 (Law Div. 1971); Grant v. Blazer Coordinating Council of Youth Development, 111 N.J. Super. 125 (Cty. Ct. 1970), modified on other grounds, 116 N.J. Super. 460 (App. Div. 1971).
There is no need in the instant case to discuss the many reported decisions involving exceptions to the "going and coming rule" since the Legislature has, in effect, expressly mandated an exception in the case of volunteer first aid squad workers, and others, in N.J.S.A. 34:15-43. That statutory section provides, in relevant part that such workers are to be compensated under the act when injured while "doing public first aid or rescue duty." The statute then defines the quoted phrase as including "the rendering of assistance [in connection with events affecting public health or safety] while such assistance is being rendered and while going to and returning from the place in which it is rendered." *503 (Emphasis added). The instant case is controlled by said section. One can assume that the Workmen's Compensation Division took particular cognizance of it in adjudging Mrs. Marshall's entitlement to the compensation award. Since Mrs. Force and Mrs. Marshall responded to the emergency call from their homes, they were clearly on their way at the time of the accident to the place where their assistance was needed, notwithstanding the fact that they had to stop at headquarters to pick up an ambulance.
There is no merit to plaintiffs' contention that N.J.S.A. 34:15-8 (immunizing co-employees from liability for compensable injuries) is not applicable to cases involving first aid squad workers. Nothing in the statute would indicate that such cases are to be treated differently from other cases, as far as co-employees are concerned. The Legislature has taken pains to be especially liberal in providing compensation recovery for first aid workers and the other types of workers enumerated in N.J.S.A. 34:15-43. However, along with receiving the benefits of the act, such workers must assume the "burdens," i.e., the loss of any common law rights as against the employer and co-employees. Volek v. Deal, 83 N.J. Super. 58 (App. Div. 1964).
Summary judgment must therefore be granted, dismissing plaintiffs' complaint, including the per quod claim by Richard Marshall, which is merely incidental to and dependent upon the claim of Rose Marshall. Konitch v. Hartung, 81 N.J. Super. 376 (App. Div. 1963).
The court now turns to a consideration of the motion by defendant Ruth Force to dismiss the crossclaim by the Margolises for contribution. Since Mrs. Force has prevailed on her motion to dismiss the complaint, the crossclaim must now be considered, in effect, a third-party complaint. The claim, however, must be dismissed on the basis of N.J.S.A. 34:15-8 and the reasoning of Farren v. N.J. Turnpike Authority, 31 N.J. Super. 356 (App. Div. 1954).
In Farren the Appellate Division held that a third-party complaint for contribution would not lie against an employer *504 by an alleged tortfeasor who had been sued by an injured employee. The third-party plaintiff had sought to establish that the employer had been guilty of negligence which contributed to a situation wherein the employee was injured. The court held that the Workmen's Compensation Act rendered the employer liable by statute and not "liable in tort" within the meaning of N.J.S.A. 2A:53A-1, which defines "joint tortfeasors" for purposes of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. Contribution could therefore not be had under that law.
The instant situation is, perhaps, an even stronger one for nonliability than was Farren, in that a co-employee, according to N.J.S.A. 34:15-8, is "not * * * liable to anyone at common law or otherwise" for a compensable injury sustained by a fellow employee through said co-employee's negligence. The co-employer is therefore entitled to invoke a complete statutory immunity in such cases, as compared to the statutory limitation of liability invoked by the employer in Farren.
For the foregoing reasons, the motions by defendant Force Machinery Co. and defendant Ruth Force for dismissal of all claims against them are granted.