ALICE M. HOTALING, as Guardian ad Litem of JOHN M. HOTALING, an Infant, Respondent, v CARMAN SMITH et al., Doing Business as SEAFOAM CAMPING GROUNDS, Respondents, and JOHN P. HOTALING et al., Appellants.

Third Department, July 13, 1978

#### APPEARANCES OF COUNSEL

*Bond, Schoeneck & King (Thomas E. Myers* of counsel), for appellants.

*Michaels, Michaels, Wineburg, Scollan & Weinstein (Carl Cannucciari* of counsel), for Alice M. Hotaling, respondent.

*Hancock, Estabrook, Ryan, Shove & Hust (Robert A. Small of counsel),* for Carman Smith and others, respondents.

### OPINION OF THE COURT

HERLIHY, J.

The appellants moved for summary judgment dismissing the cross claim and the complaint as to them upon the ground of insufficiency, and in particular upon the ground that both pleadings fail to state a cause of action as to them. Ordinarily the motion to dismiss for failure to state a cause of action or to strike a cross claim would be made pursuant to CPLR 3211 prior to serving a responsive pleading; however, it is provided in CPLR 3211 (subd [e]) that such a motion may be made after service of the responsive pleading. CPLR 3211 provides in subdivision (c) that the motion may be treated as one for summary judgment. Of course, in cases such as the present one, it is expressly provided in CPLR 3212 (subd [a]) that after issue is joined, any party may move for summary judgment. The issue raised by the present motion is whether or not the attacked pleadings state a cause of action or right to relief as a matter of law and the facts are not disputed.

The complaint alleges that on August 9, 1971 the appellants and their son, the infant plaintiff, were lawfully on premises owned by the defendants Carman Smith and Louise Smith located in Nova Scotia, Canada, and rented by appellants for camping purposes; that the Smiths as owners and operators of the campground were negligent in various ways as to *campfire* sites and in particular the one on the campsite rented by appellants; and that the negligence of the Smiths caused or permitted the infant plaintiff to fall into a campfire site causing serious burns to the infant. The complaint goes on to allege that the appellants are the infant plaintiff's parents; that the infant was 20 months of age on August 9, 1971; that the appellants failed "to guard against known and foreseeable dangers which could cause injury to small children"; that appellants failed to properly supervise the infant; and that by reason of such negligence and lack of proper supervision the infant sustained burns.

The Smiths in their cross claims alleged that the appellants "had the duty under the laws of *Nova Scotia, Canada,* to supervise and control his [the infant's] activities carefully to prevent his being injured" [emphasis added]; that appellants failed to properly supervise the infant; and, that the infant

suffered his injuries because of the negligent supervision of the appellants.

The appellants in their answer to the complaint and the cross claim alleged that there was a failure to state a cause of action and that pursuant to New York State "Law" no cause of action exists in favor of a child against his parents for inadequate supervision.

The ultimate issue presented to Special Term was whether or not the law of New York as expressed in the case of *Holodook v Spencer* (36 NY2d 35) precluded this claim by the infant against his parents and, as a matter of policy, the cross claim by the Smiths against the appellants. The intermediate issue presented to Special Term was whether or not New York law will apply to control the rights, duties and recoveries available to the infant and the Smiths as against the appellants. It is this intermediate issue which is dispositive of this appeal and requires an affirmance of the denial of the motion for summary judgment.

The accident herein allegedly occurred in Nova Scotia, Canada, as the result of a condition created or controlled by the Smiths as domiciliaries of that foreign country and their liability or lack thereof must be controlled by that country's law. As noted by Mr. Justice GIBSON at Special Term: "[T]he only New York contact of any substance is the fact of the Hotalings' New York domicile, as against which the Smiths' domicile in Nova Scotia is of at least equal weight. Indeed, all the significant contacts and events occurred within the province of Nova Scotia. The accident occurred there; the defendants Smith were domiciled there, conducting their business and campsites, to which the Hotalings, child and parents, repaired for a vacation stay at a fixed place; thus differing from the many motor vehicle cases where the place of the accident, often along the route of a multi-state journey, was entirely fortuitous. Significant, too, and of great concern to Nova Scotia, and, perhaps, to its economic interest in tourism and travel, are the rights accorded by its laws to the owners and occupiers, permanent and transient, of the lands within its borders (cf. *Basso v. Miller,* 40 N Y 2d 233). Thus, in *Heaney v. Purdy* (29 N Y 2d 157), involving trespass upon land in the province of Ontario, the court said (p. 159): 'The choice of law question must be resolved in favor of the application of the law of Ontario. * * *' 'In such a case, it is appropriate to look to the law of the place of the tort so as to

give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place' *(Babcock v. Jackson,* 12 N Y 2d 473, 483; see, also, *Tooker v. Lopez,* 24 N Y 2d 569, 572-573; *Miller v. Miller,* 22 N Y 2d 12, 19)."

As a prima facie concern, it is apparent that based upon the foregoing considerations of Special Term, which are hereby adopted, the appropriate law to be applied is that of Nova Scotia, Canada. This record does *not* contain any evidence that such law is in conflict with New York law and, accordingly, we cannot at the present time determine that the foreign law would permit an infant to sue his parents under the circumstances alleged and accepted as fact herein.

As noted hereinabove, the cross claim of the Smiths does assert that the appellants would have a duty "under the laws of Nova Scotia, Canada" to supervise the infant and Special Term noted that to some extent it had been advised of the foreign law. To be sure, the appellants are correct in asserting that the respondents failed to establish what the Nova Scotia law is; however, on a motion for summary judgment the burden is on the moving party to establish his right to relief as a matter of law and this the appellants failed to do *(Walski v Forma,* 54 AD2d 776). The appellants have not shown any basis for concluding that the law of the foreign country would preclude the infant from a recovery in the instant case from his parents or indemnity on the part of the Smiths from the appellants.

It should be noted that this court is determining that the foreign law must be applied and is *not* determining that such law is contrary to New York law or that such foreign law either permits or precludes a recovery by the infant from the Smiths or a recovery by the Smiths from the appellants. The appellants have simply failed to establish a right to summary judgment as a matter of law because they failed to establish that the pertinent foreign law would require a dismissal of the complaint and cross claim as to them.

The order should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Order affirmed, without costs.