Billy Rowe CAMERON, Plaintiff,

v.

G & H STEEL SERVICE, INC. and E.I. DuPont de Nemours & Company, Inc., Defendants.

G & H STEEL SERVICE, INC., Third-Party Plaintiff,

v.

PRELOAD COMPANY, INC., and Don Cameron, Third-Party Defendants.

PRELOAD COMPANY, INC., and Don Cameron, Fourth-Party Plaintiffs,

v.

GENERAL CONCRETE CONSTRUCTION CORP., Fourth-Party Defendant.

Billy Rowe CAMERON, Fifth-Party Plaintiff,

v.

GENERAL CONCRETE CONSTRUCTION CORP., Fifth-Party Defendant.

No. 77 C 1815.

United States District Court, E. D. New York.

July 11, 1980.

Montfort, Healy, McGuire & Salley, Mineola, N. Y. by John W. Hoefling, Mineola, N. Y., for third-party defendants Preload and Don Cameron.

Clune, White & Nelson, Mineola, N. Y. by John H. Nelson, Mineola, N. Y., for defendant and third-party plaintiff G & H Steel Service.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff in this diversity action was injured by an explosion while working on the premises of defendant E.I. DuPont in Deepwater, New Jersey on September 11, 1975. Plaintiff also sued defendant G & H Steel Service, a subcontractor on the job, who brought a third-party action for contribution against Preload Company ("Preload"), plaintiff's employer and the general contractor, and against Don Cameron, also an employee of Preload. Preload, in turn, commenced a fourth-party action against General Concrete Corp. ("General Concrete"), another contractor involved with the work at the Deepwater site, who thereafter filed a counterclaim. Plaintiff has

made a claim over against General Concrete, but has made no claim against either Preload or Don Cameron. The action is now before the court on the motion of Preload and Don Cameron for summary judgment dismissing the third-party complaint and the counterclaim against them in the fourth-party action.[1]

Summary judgment may be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. Pursuant to the 1963 amendments, Rule 56(e) provides that when a motion for summary judgment is supported by proper affidavits, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

In determining whether to grant a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir. 1967), *quoted in SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). It must accept as true factual statements in the opposing party's affidavits, draw all permissible inferences in that party's favor, *Hill v. A–T–O, Inc.*, 535 F.2d 1349 (2d Cir. 1976), and resolve any doubts in favor of the latter, *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., supra.* "The very mission of the summary judgment procedure [however] is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Adv.Com. Note to Proposed Amendments to Rule 56(e), 31 F.R.D. 648 (1962). See generally *Donnelly v. Guion*, 467 F.2d 290, 292 (2d Cir. 1972); *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2d Cir. 1970).

■ At the outset, the court must determine which State's law will apply to a determination of the liability, if any, of Preload and Don Cameron arising out of the accident at issue here. The general rule in New York—which this court must follow in a diversity case, *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)—as enunciated by the Court of Appeals in a case arising out of an automobile accident, is that

"the jurisdiction in which the allegedly wrongful conduct occurred will usually have a predominant, if not exclusive, concern. In such a case, it is appropriate to look to the law of the place of the tort so as to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place." *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 750, 191 N.E.2d 279, 284 (1963).

■ With respect to alleged negligence in another State causing personal injury in that State, the New York courts would apply the law of the foreign jurisdiction. *Hotaling v. Smith*, 63 A.D.2d 219, 406 N.Y.S.2d 627 (3d Dept. 1978); *Bartlett v. Short Line Bus System*, 69 Misc.2d 818, 330 N.Y.S.2d 945 (Sup.Ct.N.Y. County 1971), *aff'd*, 38 A.D.2d 1008, 331 N.Y.S.2d 340 (1st Dept. 1972). See *Franklin v. Nelson Freightways, Inc.*, 408 F.Supp. 670 (E.D.N.Y.1976). New York's contacts with Preload as its apparent State of incorporation and principal place of business would not be of any particular significance where the action arises out of alleged negligence in another State, see *Gore v. Northeast Airlines, Inc.*, 373 F.2d 717 (2d Cir. 1967); nor, where it is not contested that all the significant events concerning the accident occurred in New Jersey, does New York have a superior interest in applying its own law merely by virtue of the fact that plaintiff resides in New York. *Hotaling v. Smith, supra.* See

---

1. G & H Steel Service, as third-party plaintiff, has responded to the motion with an affidavit stating that if the court decides that the law of New Jersey applies, G & H would not oppose a grant of summary judgment.

*Bray v. Cox*, 39 A.D.2d 299, 333 N.Y.S.2d 783 (4th Dept. 1972), *appeal dismissed*, 38 N.Y.2d 350, 379 N.Y.S.2d 803, 342 N.E.2d 575 (1976). It is clear, then, that New Jersey law will apply to a determination of the rights and obligations arising out of this New Jersey accident.

■ It is uncontested that following his accident plaintiff filed a claim for, and thereafter received, workmen's compensation benefits pursuant to New Jersey law. Gropp Affidavit dated August 28, 1979, at 2; Hornstein Affidavit dated August 28, 1979, at 2. Under New Jersey law, certain consequences follow from the election by employee and employer to submit to the workmen's compensation scheme. N.J.S.A. 34:15–1 *et seq.* ("Workmen's Compensation Act"). Pursuant to N.J.S.A. 34:15–7, where the statutory scheme applies,

"compensation for personal injuries to, or from the death of, such employee by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule contained [in this title]."

The statute evinces a clear legislative intent to provide an expeditious and relatively certain recovery to employees injured on the job regardless of the employee's contributory negligence or the absence of employer's negligence. *Schweizer v. Elox Division of Colt Industries*, 70 N.J. 280, 359 A.2d 857 (1976); *Thornton v. Chamberlain Mfg. Corp.*, 62 N.J. 235, 300 A.2d 146 (1973); *Danek v. Hommer*, 9 N.J. 56, 87 A.2d 5 (1952). To further protect employees, employers who elect the workmen's compensation scheme are required to carry employers' liability insurance. N.J.S.A. 34:15–70 through 34:15–95.

This statutory scheme also provides the employer with the advantage of relief from the uncertainties of exposure to common law liability in tort by making an employee's compensation recovery his sole and exclusive remedy. *Bergen v. Miller*, 104 N.J. Super. 350, 250 A.2d 49 (Super.Ct.App.Div. 1969). To effect this purpose, N.J.S.A. 34:15–8 provides:

"Election surrender of other remedies

"Such agreement [to submit to the workmen's compensation scheme] shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee himself and for compensation for his death shall bind his personal representatives, his widow and next of kind, as well as the employer, and those conducting his business during bankruptcy or insolvence.

"If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."

■ Pursuant to this section, an employer subject to the Workmen's Compensation Act cannot be held liable either directly or indirectly for negligence leading to an employee's injuries. Therefore, it is settled in New Jersey that a tortfeasor sued by a covered employee may not obtain contribution by way of a third-party action against the employer. *Farren v. New Jersey Turnpike Authority*, 31 N.J.Super. 356, 106 A.2d 752 (Super.Ct.App.Civ.1954); *Arcell v. Ashland Chemical Co., Inc.*, 152 N.J.Super. 471, 378 A.2d 53 (Super.Ct.Law Div. 1978). The rationale for this rule is that since an employer covered by the Workmen's Compensation Act is not liable in tort to its employee, the employer is not a "joint tortfeasor" within the meaning of the New Jersey Contribution Act, N.J.S.A. 2A:53A–1. *Id.* It is also settled that the second paragraph of N.J.S.A. 34:15–8 allows a co-employee of an injured employee covered by workmen's compensation to invoke a complete statutory immunity against actions by both the injured employee and by third-party tortfeasors. *Marshall v. Force Machinery Co.*, 123 N.J.Super. 497, 303 A.2d 619 (Super. Ct.Law Div. 1973); *Rothfuss v. Baker's Mutual Insurance Co. of N.Y.*, 107 N.J.Super. 189, 257 A.2d 733 (Super.Ct.App.Div.1969).

It is clear that plaintiff's injuries were incurred in the course of his employment.

In addition, it is uncontested that plaintiff received workmen's compensation benefits pursuant to New Jersey law based on the same accident that underlies the instant action. In the light of the precedents cited above and these undisputed facts, the court is of opinion that no action may be maintained against plaintiff's employer and that summary judgment is therefore appropriate dismissing the G & H third-party complaint against Preload, as well as General Concrete's counterclaim against Preload. In addition, there is no dispute that Don Cameron was employed by Preload at the time of plaintiff's accident. Nor is there any allegation that Don Cameron's misconduct, if any, was of an intentional nature. Thus, as Don Cameron was plaintiff's co-employee at the time of the accident, he enjoys a statutory immunity from all suits, and summary judgment dismissing the third-party complaint against Don Cameron is also warranted.

Accordingly, the motions of Preload and Don Cameron for summary judgment dismissing the third-party complaint and the counterclaim against them in the fourth-party complaint are hereby granted.

SO ORDERED.