**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4301-16T2

VINCENT J. D'ELIA, ESQ.,
and D'ELIA & MCCARTHY,

     Plaintiffs-Appellants,

v.

KELLY LAW, PC, and
CHARLES P. KELLY, ESQ.,

     Defendants-Respondents.

_____

Submitted October 4, 2018 – Decided May 30, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4917-16.

D'Elia & McCarthy Law Offices, appellant pro se (Vincent J. D'Elia, on the brief).

Kelly Law, PC, respondent pro se (Charles P. Kelly, of counsel and on the brief; Bradley Latino, on the brief).

PER CURIAM

Plaintiffs Vincent J. D'Elia, Esq., and D'Elia & McCarthy (D'Elia) appeal from an April 13, 2017 order dismissing their complaint against defendants Kelly Law, PC and Charles P. Kelly, Esq. (Kelly) on the ground D'Elia failed to state a claim upon which relief can be granted, see Rule 4:6-2(e). We affirm.

A

When considering an application for relief under Rule 4:6-2(e), a court is required to search "the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). In so doing, a court must "assume the facts as asserted by [a] plaintiff are true and give [the plaintiff] the benefit of all inferences that may be drawn in [plaintiff's] favor." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988). "Obviously, if the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005).

Rule 4:6-2(e) specifically provides that only the pleading sought to be struck may be considered by the court to determine if it fails to state a claim

2

upon which relief can be granted. If matters outside of the pleading are presented to and not excluded by the court, the motion is to be treated as one for summary judgment and disposed of as required by Rule 4:46. See R. 4:6-2(e). However, a motion to dismiss under Rule 4:6-2(e) is not converted into a motion for summary judgment if a party submits and a court reviews a document that is specifically referenced in the complaint. See Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.2 on R. 4:6-2 (2019) (citing N.J. Sports Prods., Inc. v. Bobby Bostick Promotions, LLC, 405 N.J. Super. 173, 178-79 (Ch. Div. 2007)).

In light of the requirement that only the pleading sought to be struck may be considered by the court to determine if it fails to state a claim upon which relief can be granted, we summarize the pertinent allegations in D'Elia's complaint. In addition, we reference certain portions of some of the documents mentioned in the complaint.

B

Allegations in Complaint

Anthony Verdoni entered into an employment agreement with the HeyDay Corporation (HeyDay) on January 30, 2008. Verdoni commenced working for HeyDay on or about the latter date. On April 23, 2009, HeyDay terminated

Verdoni, who then retained plaintiff Anthony J. D'Elia, Esq.[1] sometime in 2009 to take action against HeyDay for breaching the employment agreement.

With the exception of certain kinds of disputes that are not applicable here, a provision in the employment agreement requires all disputes be resolved by arbitration. That provision states:

> 8. <u>Arbitration of Disputes</u>. Except for disputes arising under Sections 5 (Non-Competition) and 7 (Confidential Information) which shall be resolved through direct court access in accordance with Section 6, all other disputes arising out of or concerning the interpretation or application of the Agreement, including, without being limited to, any claims that the application of the Agreement or the termination of the employment relationship established by this Agreement violates any federal, state or local law, regulation or ordinance shall be resolved as follows:
>
> In the event any dispute between the parties concerning this Agreement cannot be resolved through discussion between the parties, either party may, thirty (30) calendar days after initiation of such discussion, refer the issue to arbitration under the then-existing rules of the American Arbitration Association ("AAA").
>
> The arbitration shall be held . . . in Media, . . . Pennsylvania. . . . The award shall be final and binding and not subject to judicial review. It shall, however, be enforceable by any court of competent jurisdiction.

---

[1] The complaint states that plaintiff D'Elia & McCarthy is an "inactive" law firm.

A-4301-16T2

Of significance is a provision in the agreement that governs choice of law. That provision provides in relevant part:

> 11. <u>Governing Law</u>. This Agreement shall be governed and construed according to the laws of the State of Delaware without regard to its laws which may direct the application of the laws of a different jurisdiction.

In August 2012, Verdoni discharged D'Elia and instead retained Kelly to represent him. In September 2012, Kelly filed a demand for arbitration on Verdoni's behalf with the American Arbitration Association. Thereafter, Heyday asserted Verdoni's claims were time-barred. HeyDay and Verdoni agreed the arbitrator would decide the question of whether Verdoni's claims were barred by the statute of limitations. After both parties submitted briefs on this issue, the arbitrator found that, under Delaware law, a three-year statute of limitations applied. The arbitrator dismissed Verdoni's claims on the ground he failed to demand arbitration before the three-year statute of limitations expired.

In June 2013, Verdoni filed a complaint alleging D'Elia committed legal malpractice for failing to demand arbitration within the three-year statute of limitations. Approximately three weeks later, with Verdoni's consent and on his behalf, D'Elia filed a petition in the United States District Court for the District

A-4301-16T2

of New Jersey seeking vacatur of the arbitrator's decision to dismiss Verdoni's claims.

In addition to other arguments, Verdoni maintained that, in the absence of an express provision in an agreement to the contrary, Pennsylvania law on choice of law and the statute of limitations governed the employment agreement. Therefore, because Pennsylvania law allows a party four years to demand arbitration after being terminated by an employer, Verdoni's demand for arbitration was timely.

In November 2016, the federal district court issued a decision denying Verdoni's request for relief and dismissed his petition. The court stated in pertinent part:

> [T]he arbitrator has the authority to determine whether the claims were timely filed, and the argument that the Agreement did not articulate a statute of limitations appears to lack merit when one reads the entire Agreement. The Agreement applies to "all other disputes arising out of or concerning the interpretation in the agreement[,]"[] as well as to "any claims." Obviously that language confers broad scope of authority on [the arbitrator] in determining the issues.
>
> Verdoni's attorney also argues that Pennsylvania law applies rather than Delaware [law]. However, the Agreement reads that "this Agreement shall be governed and construed according to the laws of Delaware without regard to its laws which may direct the application of the laws of another state." That

6

language clearly indicates that Delaware law applies, and that is the law which [the arbitrator] applied in his decision. . . . As such, the motion to vacate the award is denied and the petition is dismissed.

In December 2016, D'Elia filed his complaint in the within matter. The complaint states D'Elia is bringing this action pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-3. D'Elia seeks contribution from Kelly in the event D'Elia is found liable and must pay damages to Verdoni. D'Elia claims defendants committed malpractice when before the arbitrator because they did not "properly brief" the arbitrator on the statute of limitations issue and, thus, failed to "obtain a proper ruling on the applicable statute of limitations." Therefore, "the contribution [D'Elia] seeks from Kelly is 100% of any award in favor of [Verdoni] in the malpractice action, based upon the fact that Kelly's actions were 100% the proximate cause of any compensable injury to Verdoni[.]"

C

Kelly filed a motion to dismiss D'Elia's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e). The trial court granted Kelly's motion and dismissed the complaint, finding D'Elia did not have a claim for contribution against defendants because D'Elia's alleged acts of legal malpractice were committed before defendants'.

D'Elia appeals, asserting a host of arguments. After considering them in light of the record and applicable legal principles, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Nevertheless, we make the following observations.

Enacted in 1952, the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -5, is inapplicable in these circumstances. D'Elia would be entitled to contribution from defendants only if D'Elia and defendants were joint tortfeasors. "'[J]oint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury . . . ." N.J.S.A. 2A:53A-1 (emphasis added); see also Finderne Mgmt. Co. v. Barrett, 355 N.J. Super. 197, 208 (App. Div. 2002).

Joint tortfeasors must share "joint liability and not joint, common or concurrent negligence." Farren v. New Jersey Tpk. Auth., 31 N.J. Super. 356, 362 (App. Div. 1954) (quoting Guerriero v. U-Drive-It Co. of New Jersey, 22 N.J. Super 588, 603 (Law Div. 1952)). The liability must be common and arise at the same time plaintiff's cause of action accrued. "It is common liability at the time of the accrual of plaintiff's cause of action which is the Sine qua non of defendant's contribution right." Cherry Hill Manor Assocs. v. Faugno, 182 N.J.

64, 72 (2004) (quoting Markey v. Skog, 129 N.J. Super. 192, 200 (Law Div. 1974)).

Therefore, joint liability can only stem from a single injury. Id. at 73. As such, "separate acts of malpractice cannot constitute the 'joint liability' required for the imposition of contribution liability under the [Joint Tortfeasors Contribution Law]." Id. at 73. Determination of whether the liability is for the same injury requires consideration of the pleadings. Finderne, 355 N.J. Super. at 208. "Where the pleadings show separate torts, severable as to time and breaching different duties, rather than a joint tort, dismissal of the third-party action is appropriate." Ibid.

Here, the acts of malpractice D'Elia claims Kelly committed were separate from and occurred after those D'Elia allegedly committed. Kelly's alleged act of malpractice was a "separate tort[], severable as to time and breaching [a] different dut[y]." Ibid. D'Elia's and Kelly's liability are not common and did not arise at the same time Verdoni's cause of action against D'Elia accrued. D'Elia and Kelly are not liable for the same injury and are not joint tortfeasors. Accordingly, the trial court appropriately dismissed D'Elia's complaint on the ground it failed to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e).

We are mindful that, at the outset of its decision, the trial court stated it was treating the motion as if it were one for summary judgment, because Kelly had appended "multiple documents that are beyond the four corners of the pleadings." However, it is apparent the trial court did not – or need to – rely upon any document other than the complaint and the documents referenced in such pleading to arrive at its decision.

Moreover, a Rule 4:6-2(e) motion to dismiss should be granted if the complaint fails to articulate a legally sufficient basis entitling the plaintiff to relief. See Camden Cty. Energy Recovery Assocs. v. New Jersey Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd o.b., 170 N.J. 246 (2001). As previously observed, "if the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular, 184 N.J. at 166. We are satisfied the court decided the motion to dismiss in accordance with Rule 4:6-2(e).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4301-16T2